# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

NATHAN R. PLATERO,

        Petitioner,

v.                                  ACTION NO. 2:17cv77

ERIC D. WILSON,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Petitioner, Nathan R. Platero ("Platero"), submitted a *pro se* petition, pursuant to 28 U.S.C. § 2241, on February 7, 2017, while incarcerated in Petersburg, Virginia. ECF No. 1. The respondent, Eric D. Wilson ("respondent"), filed a motion to dismiss for failure to state a claim, on May 16, 2017. ECF No. 4. For the reasons stated herein, the undersigned RECOMMENDS that respondent's motion be GRANTED.

## I.    BACKGROUND

Platero is currently serving a federal prison sentence of 120 months for the crime of abusive sexual contact, crime in Indian Country, in violation of 18 U.S.C. §§ 2244(a)(1) and 2246(3). ECF No. 5-1 at 2. On November 8, 2013, while incarcerated, Platero was charged with possession of a dangerous weapon, an altered scissor blade sharpened to a point and wrapped with tape. ECF No. 1 at 15. Platero claims that the weapon, which was found in Platero's cell in an unlocked locker that belonged to Platero's cellmate, did not belong to him but instead belonged to his cellmate. *Id.* On November 20, 2013, a discipline hearing officer ("DHO") conducted a disciplinary hearing and determined that sanctions against Platero were appropriate. *Id.* at 14, 16. The DHO sanctioned Platero by disallowing 41 days of good conduct time, and

imposing 30 days disciplinary segregation and 4 months of lost commissary privileges. *Id.* at 16. Platero was notified of these sanctions in a written report delivered to him on November 27, 2013. *Id.* at 14–16.[1]

The written report contained a section entitled "VIII. APPEAL RIGHTS." ECF No. 1 at 16. Platero was notified that he had the right to appeal the decision of the DHO within 20 calendar days under the administrative remedy procedure. *Id.* Platero appealed the DHO's decision to the western regional office on January 28, 2014. *Id.* at 3, 17. Platero's appeal, therefore, came 62 days after he received the DHO's report and 42 days after the appeal deadline. The regional office rejected Platero's appeal because it was untimely, on February 6, 2014. *Id.* at 3. On February 27, 2014, Platero appealed his decision to the central office in Washington, D.C. *Id.* at 3, 13. The central office likewise rejected Platero's appeal as untimely, on April 11, 2014. *Id.* at 3. On February 7, 2017, Platero filed a habeas action in this Court challenging the disciplinary sanctions. ECF No. 1. The respondent moved to dismiss for failure to state a claim on May 16, 2017. ECF No. 4. Platero has not responded to the motion, and the deadline for responding has passed.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss claims upon which no relief can be granted. Fed. R. Civ. P. 12(b)(6); *Sonnier v. Diamond Healthcare Corp.*, 114 F. Supp. 3d 349, 354 (E.D. Va. 2015). In order to survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the

---

[1] Platero's cellmate, Garrett Lee Jones ("Jones"), was also found guilty of violating the disciplinary code and was disciplined accordingly. ECF No. 5-1 at 3.

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Ascertaining whether a complaint states a plausible claim for relief is a "context-specific task" that requires the court to "draw on its judicial experience and common sense." *Id.* at 679.

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court may also consider "documents incorporated into the complaint by reference," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), "as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

## III.   DISCUSSION

### A. Platero has failed to exhaust his administrative remedies by not filing a timely appeal.

Respondent argues that Platero's petition should be dismissed for failure to exhaust his administrative remedies, because his appeal of the DHO decision was untimely. Alternatively, respondent argues that Platero has failed to show that he is in custody in violation of the Constitution or laws of the United States, because evidence supports the DHO finding and the DHO proceedings complied with Platero's due process rights.

Platero has not argued that he timely filed his appeal. Rather, Platero asks that his untimely submission be excused due to safety concerns under 28 C.F.R. § 542.14(b). ECF No. 1 at 17. Specifically, Platero states that he was afraid of reprisal from his cellmate if he appealed the disciplinary action, and thus he should be forgiven for not filing an appeal until after he was placed with a different cellmate. *Id.*

The Bureau of Prison's ("BOP") administrative process is set forth in 28 C.F.R. § 542.10, *et seq.* First, inmates are encouraged to attempt to resolve their complaints informally through

3

discussion. 28 C.F.R. § 542.13. Second, if the informal attempt is unsuccessful, inmates may appeal a DHO decision to the regional director within 20 days of being notified of the DHO decision. 28 C.F.R. §§ 542.13, 542.14(a), (d)(2). Third, the inmate may appeal the regional decision to the BOP's central office, in Washington, D.C. 28 C.F.R. § 542.15(a). The central office is the final level of BOP administrative review. *Id.*

Section 542.14(b) of Title 28 of the Code of Federal Regulations provides a list of valid reasons for a filing delay. They include: "an extended period in-transit during which the inmate was separated from documents needed to prepare the Request or Appeal; an extended period of time during which the inmate was physically incapable of preparing a Request or Appeal; an unusually long period taken for informal resolution attempts; [or] indication by an inmate, verified by staff, that a response to the inmate's request for copies of dispositions requested under [28 C.F.R. § 542.19] was delayed." 28 C.F.R. § 542.14(b). Platero's reason for his late appeal does not fit neatly into any of these enumerated categories.

Platero also presents no reason why he should have feared an assault from his cellmate in the event of an appeal. Jones was already disciplined for possession of the weapon, in addition to Platero. Platero's appeal would have had no effect on Jones. The Court declines to speculate whether Jones may still have posed a threat to Platero. Platero's single sentence in his appeal that he was afraid of Jones is insufficient to excuse his untimely filing, especially because Platero has foregone the opportunity to support his assertion with further detail by responding to the motion to dismiss.

Because Platero has failed to provide a valid reason for his filing delay, he has not exhausted his administrative remedies.

4

**B. Platero has not established that he is in custody in violation of the Constitution or laws of the United States.**

Further, even if Platero had exhausted his administrative remedies, he still fails to state a claim to habeas relief. In order to obtain relief under 28 U.S.C. § 2241, Platero must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Platero's argument as to why he is being held in violation of the law is that there was insufficient evidence for the DHO to revoke his good time credits. ECF No. 1 at 7. The Supreme Court has held that "a decision to revoke [good time] credits must be supported by *some evidence.*" *Superintendant, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 447 (1985) (emphasis added). The Supreme Court cautioned in *Hill* that this standard does not include examining the weight of the evidence; rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455–56.

In this case, the "modicum of evidence," *id.* at 455, is the fact that the weapon was found in Platero's cell in a location accessible to him. In *McClung v. Hollingsworth*, the United States Court of Appeals for the Fourth Circuit considered the case of an inmate who was disciplined for possessing a weapon in his cell. No. 06-6699, 2007 WL 1225946, at *1 (4th Cir. 2007). In *McClung*, the weapon was found underneath a desk in a cell that the inmate shared with another. *Id.* The inmate denied ownership of the weapon, but was disciplined and lost 41 days of good conduct. *Id.* The inmate challenged his disciplinary conviction by writ of habeas corpus, arguing that insufficient evidence supported his conviction. *Id.* The Fourth Circuit rejected the inmate's challenge, stating that, "[i]f a disciplinary conviction for possession of contraband is based on the presence of contraband in a particular location, the constructive possession rule provides 'some evidence' of guilt only when relatively few inmates have access to the area." *Id.*

at *3; *see also United States v. Scott*, 424 F.3d 431, 435 (4th Cir. 2005) ("Constructive possession, as defined by our cases, occurs when a person exercises, or has the power to exercise, dominion and control over an item of property.") (internal citations omitted). In this case, evidence indicates that Platero and Jones had access to, and thus the power to exercise dominion and control over, the unlocked locker in their cell where the weapon was found. Two people having access was considered "relatively few" in *McClung*, justifying a charge of constructive possession. *Id.* McClung's cellmate was also charged and convicted for possession of a weapon, and the Fourth Circuit upheld his disciplinary conviction as well. *Id.* at 1; *Stach v. Shearin*, 80 F. App'x 821 (4th Cir. 2003) (unpublished) (upholding the disciplinary sanctions against McClung's cellmate). Accordingly, it is not inappropriate that both Platero and Jones were charged with possession of the weapon in this case.

Finally, Platero's petition does not indicate any due process violations during the DHO proceeding. The Supreme Court articulated the procedures that inmates are entitled to before they are subject to disciplinary sanctions in *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). The most critical protection is a hearing, at which an inmate may call witnesses and present documentary evidence. *Id.* at 557–59, 566. Necessary procedures also include advance written notice at least 24 hours before the hearing, and a written statement by the factfinder describing the evidence relied on and the reasons for the disciplinary action taken. *Id.* at 563–65; *Dilworth v. Adams*, 841 F.3d 246, 253 (4th Cir. 2016). The BOP has promulgated regulations setting forth the procedures specified in *Wolff*. *See, e.g.*, 28 C.F.R. § 541.5.

Platero's petition does not actually point to any procedural defects in the DHO hearing. According to the DHO report, Platero was given written notice of the charge on November 8, 2013, more than 24 hours prior to the hearing. ECF No. 1 at 14. Platero was given an

6

opportunity to call witnesses, but chose not to do so. *Id.* at 15. He gave testimony, denying that the weapon belonged to him. *Id.* at 14–15. The DHO provided him with a written report detailing the evidence it relied upon and the reasons behind the disciplinary action. *Id.* at 14–16. The staff representative stated that he observed no violation of Platero's due process rights. *Id.* at 14.

Because "some evidence" supports the DHO decision and because there is no evidence of a due process violation, Platero has not established that he is in custody in violation of the Constitution or of the laws of the United States.

## IV.   CONCLUSION

For the foregoing reasons, the Court RECOMMENDS that respondent's motion to dismiss for failure to state a claim be GRANTED.

## V.   REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within 14 days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within 14 days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Robert J. Krask
United States Magistrate Judge
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
November 14, 2017